UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRANE DESIGN INC., a Washington corporation,

Plaintiff,

v.

PACIFIC COAST CONSTRUCTION LLC, a Washington limited liability corporation, et al.,

Defendants.

CASE NO. C05-251RSM

ORDER ON MOTION TO COMPEL

      This matter is before the Court on plaintiffs' motion to compel production of documents and answers to interrogatories. The Court finds that counsel's declaration fails to satisfy the certificate of compliance requirements of F.R.Civ. Proc. 37 and the corresponding local rule. The federal rule requires that a motion to compel include a certification "that the movant has in good faith conferred or attempted to confer with the party not making the disclosure. . ." F.R.Civ. Proc. 37(a)(2)(A). The local rule of this Court states that this good faith effort **requires** a telephonic conference or a face-to-face meeting. Local Rule CR 37(a)(2)(A).

      Counsel simply states that on August 30, 2005, he sent a "CR 37 letter" to opposing counsel, and that on September 1, he attempted to contact counsel but was advised he was unavailable. Declaration of

ORDER ON MOTION TO COMPEL - 1

Troy Greenfield, ¶ 5-6.  Later, opposing counsel left a voicemail message stating that the Rule 37 letter had been forwarded to his clients, but they had not responded.  Id.  This statement wholly fails to meet the local rule requirement for a telephonic conference.

The Rule 37 certification requirement does not call for the filing of copies of written correspondence, or details of voicemail messages.  Rather, it requires a simple verified statement of counsel:  namely that on the date named, counsel spoke directly to one another, in person or by telephone, regarding the specific dispute which is addressed in the motion to compel, and they were unable to reach agreement.  Prescient Partners, L.P., v. Fieldcrest Cannon, Inc., 1998 WL 67672 (S.D.N.Y. 1998); *citing* Tri-Star Pictures, Inc., v. Unger, 171 F.R.D. 94, 99 (S.D.N.Y. 1997); Shuffle Master, Inc., v. Progressive Games, Inc., 170 F.R.D. 166, 170 (D. Nev. 1996) (stating that the certification must "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." )   A single unsuccessful attempt to contact opposing counsel cannot fulfil the letter or the intent of this requirement.

For this failure to comply with the requirements of Rule 37 and Local Rule CR 37, plaintiff's motion to compel (Dkt. # 14) is DENIED.

DATED this 3rd day of October, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION TO COMPEL - 2