UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRANE DESIGN, INC., a Washington corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>PACIFIC COAST CONSTRUCTION, LLC., a Washington limited liability company, et al.,<br><br>   Defendants.<br>_____<br>PACIFIC COAST CONSTRUCTION, LLC, a Washington limited liability company, et al.,<br><br>   Third Party Plaintiffs,<br><br>   v.<br><br>CRAIG THOMPSON and JANE DOE THOMPSON, husband and wife,<br><br>   Third Party Defendants. | CASE NO. C05-251RSM<br><br>ORDER ON MOTION FOR SUMMARY JUDGMENT AND MOTION FOR LEAVE TO AMEND |

  This matter is before the Court for consideration of defendants' motion for summary judgment, and plaintiff's motion for leave to file an amended complaint. Oral argument was heard on March 9, 2006, and the arguments, memoranda, and exhibits have been fully considered. For the reasons set forth

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 1

below, defendants' motion shall be granted in part and denied in part. Plaintiff's motion for leave to amend the complaint to assert claims directly against third-party defendants Craig Thompson and Jane Doe Thompson shall be denied.

FACTUAL BACKGROUND

Plaintiff Crane Designs, Inc., ("Crane") is in the business of creating house plans and technical drawings for use by builders. The designs, which are copyrighted, are licensed to homeowners or contractors for either single or multiple use.  In June, 2001, defendant Gary Cline and his brother-in-law Craig Thompson, both contractors, met with Kim Williams of Crane to look over plans suitable for a subdivision of "spec" homes they were building in Pierce County, called Summer Place. Craig Thompson had worked with Crane designs previously and was known to Kim Williams. Mr. Thompson's construction company is Precision and Reliability ("PAR"). Gary Cline's company was at that time called Cascade Millwork. Mr. Cline later formed Pacific Coast Construction, incorporated in November, 2001. The two of them had purchased a tract of land for the Summer Place subdivision and planned to build 43 homes there (21 or 22 each). They selected four of Crane's copyrighted home plans and purchased the "vellums", which were authorized for multiple use, for $8,000. The check was written from the PAR account and the licensing agreement was between PAR and Crane.

Mr. Cline asserts in his deposition that he clearly identified himself to Ms. Williams at the meeting as "Gary Cline of Pacific Coast Construction." However, Pacific Coast was not incorporated until five months later, in November of that year. Ms. Williams states in a sworn declaration that Mr. Cline was not introduced to her, and she did not ask who he was or why he was there. Defendants contend that the Court should disregard this declaration because it contradicts statements made in her deposition, but have pointed to no specific contradictory statements. Ms. Williams further states that while she did discuss the plans with both men, neither of them informed her that the plans that were being purchased would be used by both contractors. In follow-up conversations she dealt exclusively with Mr. Thompson of PAR.

Mr. Thompson has signed a declaration confirming Ms. Williams' version of this meeting; namely, that Mr. Cline did not identify himself as a separate contractor and did not state his intent to use

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 2

the plans to build homes. Mr. Thompson has since repudiated this declaration. This dispute regarding whether Mr. Cline made his identity and intentions known to Ms. Williams is a material one, the significance of which will be addressed below.

Construction started on the homes in Summer Place in late 2001, and continued into 2003. Multiple homes were built from each design through the process called "base planning". In this process, the contractor submits one set of plans to the county for approval, and then supplements that plan with site-specific engineering "spec" sheets for each individual lot on which the same plan is used. The engineering spec sheets were prepared by an engineering firm, TSE, after authorization from Crane. Mr. Thompson made all the contacts with Crane to obtain the spec sheets for the Summer Place homes. All the spec sheets were issued in the name of PAR, even for the homes built by Mr. Cline and Pacific Coast.

In March, 2003, Pacific Coast Construction purchased two additional lots in the "Cobblestone" subdivision. Mr. Cline wanted to use two of the same designs for building these homes, but needed to obtain the site-specific engineering specs. Mr. Cline called Crane himself to ask for the engineering sheets. When he called, on March 21, 2003, Ms. Williams did not know who he was, and did not know that he had been using the house plans purchased by PAR. She informed Mr. Cline that he was using the plans illegally, but told him that she would not hold up his new project. At deposition, she stated that she agreed to authorize the engineering spec sheets on the two additional houses if Mr. Cline would "come in and resolve the infringement that had already taken place." In her later declaration, Ms. Williams emphasized that she expressly conditioned authorization of the additional engineering plans upon Mr. Cline's agreement to resolve the prior infringement of the copyright on the plans by payment of a licensing fee. When Mr. Cline later refused to comply, Crane initiated this lawsuit. Mr. Thompson was subsequently brought in as a third-party defendant by Cline and Pacific Coast. During the course of deposition, it was learned that one home in Summer Place was actually built by a different contractor, who has not been named.

## DISCUSSION

The complaint asserts two causes of action: copyright infringement and a claim under the

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 3

Washington Consumer Protection Act (CPA). In moving for summary judgment, defendants assert that the CPA claim is wholly preempted by the copyright laws, and that the copyright infringement claim is untimely under the applicable statute of limitations. Plaintiff has opposed both bases for summary judgment.

## I. Preemption

The Copyright Act specifically preempts "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106. . . . " 17 U.S.C. § 301(a). The rights protected under the Copyright Act include the rights of reproduction, preparation of derivative works, distribution, and display. 17 U.S.C. § 106. In order to resist preemption, the claim under state law must include an "extra element" that makes the right asserted qualitatively different from the rights protected under the Copyright Act. *Altera Corp. v. Clear Logic, Inc.,* 424 F. 3d 1079, 1089 (9th Cir. 2005).

The parties here agree that the first element of this test—the work at issue falls within the subject matter of copyright—is satisfied. As to the second element, defendants argue that plaintiff has asserted no "extra element" which makes the CPA claim qualitatively different from the copyright claim. Plaintiff contends, however, that

> [t]he extra elements of the state CPA claim in this case relate to protecting against the use of fraudulent means to obtain property to operate a business and are related to protecting the legal right to have ordinary contractual relationships not interfered with by third parties. Both rights are substantively different than the rights protected under the Copyright Act.

Plaintiff's Opposition, p. 20.

The elements of a Consumer Protection Act claim in Washington are as follows: (1) the action complained of is an unfair or deceptive act or practice; (2) the action occurred in the conduct of trade or commerce; (3) there is a public interest component to the conduct; (4) there was injury to the plaintiff's business or property; and (5) there is a causal link between the unfair act and the injury suffered. *Nordstrom, Inc., v. Tampourlos*, 107 Wash. 2d 735, 739 (1987); citing *Hangman Ridge Training Stables, Inc., v. Safeco Title Insurance Co.*, 106 Wash. 2d 778, 780 (1986). This Court has previously

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 4

held, in an unpublished decision, that the Copyright Act, by protecting the owner's exclusive rights of reproduction, distribution, and display of the work, is broad enough to encompass all elements of the CPA. *CD Law, Inc., v. Lawworks, Inc.,* 1994 WL 840929 (W.D.Wash. 1994). As shown below, plaintiff has not identified any basis for distinguishing this case from *CD Law*.

One extra element of the CPA that plaintiff claims to assert is the protection "against the use of fraudulent means to obtain property to operate a business". However, the protection against the use of fraudulent means to obtain property is exactly the purpose of the Copyright Act, so this is not an extra element. The second extra element asserted by plaintiff is the contractual relations argument, apparently made because some courts have held that the enforcement of contractual rights on copyrighted articles is generally not preempted. *Bowers v. Baystate Techs. Inc.,* 320 F. 3d 1317, 1324-25 (Fed. Cir. 2003). However, even if there is such a rule in this circuit, it would not apply here. Plaintiff is not attempting to enforce any contractual right against these defendants. Any injury suffered by plaintiff from defendant's interference in the contractual relationship between Crane and Mr. Thompson is fully addressed by the Copyright Act.

As plaintiff has failed to identify any extra element which makes the CPA claim qualitatively different from the Copyright Act claim, the CPA claim is fully preempted. Defendants' motion for summary judgment as to the CPA claim is accordingly GRANTED.

II. <u>Statute of Limitations on the Copyright Claim.</u>

Defendants assert that plaintiff's copyright claim is barred by the statute of limitations found in the Copyright Act, which states that no civil action may be maintained under the title "unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507. It is defendants' contention that the claim accrued in 2001 when Mr. Thompson purchased the plans from Crane. However, there is no evidence in the record as to when the plans were actually copied by Mr. Cline. This defect alone could defeat defendants' statute of limitations argument.

In opposing summary judgment on the statute of limitation, plaintiff asserts both that the violations continued well into 2003, and that the infringement claim did not accrue until Crane actually

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 5

learned of the infringement through Mr. Cline's phone call to request engineering spec sheets for the Cobblestone homes. Plaintiff, like defendants, has failed to point to any evidence as to when the plans were actually copied by Mr. Cline in violation of the copyright. Without such evidence, this issue cannot be resolved in favor of either party on summary judgment.

With respect to the time of accrual, it is plaintiff's position that the claim did not accrue until the infringement was first discovered by Crane on March 21, 2003 when Mr. Cline called to ask for the engineered specs so that he could build two homes in Cobblestone. Plaintiff cites *Roley v. New World Pictures, Ltd.*, 19 F. 3d 479 (9th Cir. 1994) for the rule that in this circuit, a cause of action for copyright infringement accrues when the plaintiff has knowledge of the infringement, or is chargeable with such knowledge. *Id.* at 481. Defendants argue that the Ninth Circuit's application of the discovery rule in copyright cases was overruled by the Supreme Court in *TRW Inc. v. Andres*, 534 U.S. 19 (2001). However, the Court in *TRW* addressed claims under the Fair Credit Reporting Act, not the Copyright Act. The post-TRW viability of the discovery rule stated by the Ninth Circuit in *Roley* for copyright infringement cases was well demonstrated in *Kourtis v. Cameron*, 419 F. 3d 989, 999 (9th Cir. 2005). Other circuits have agreed, post *TRW*, with the application of this discovery rule in copyright infringement cases. *Bridgeport Music, Inc., v. Diamond Time, Ltd*, 371 F. 3d 883 (6th Cir. 2004).

Plaintiff has submitted a sworn declaration in which Kim Williams states that she first knew of the use of Crane's designs by Mr. Cline when he called on March 21, 2003. Mr. Thompson's declaration supports this statement. Defendant disputes these declarations, but the Court cannot resolve that dispute on summary judgment. Rather, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). Under this circuit's rule that the cause of action for copyright infringement accrues when the plaintiff has knowledge of the infringement, or is chargeable with such knowledge, defendants' motion for summary judgment on the basis of a statute of limitations bar must be denied. *Kourtis v. Cameron*, 419 F. 3d 989, 999 (9th Cir. 2005); citing *Roley*, 19 F. 3d at 481. In so finding, the Court rejects defendants' argument that Crane had a duty to check the county records for evidence of possible infringement on

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 6

their copyrighted plans.

Defendants also argue that even if the suit was filed within the statute of limitations, it should be barred by laches.  Laches, an equitable remedy, may in appropriate circumstances bar a claim for copyright infringement even if it is brought within the statute of limitations; it bars a plaintiff who, "with full knowledge of the facts, acquiesces in a transaction and sleeps upon his rights." *Danjaq LLC  v. Sony Corporation*, 263 F. 3d 942, 951 (9th Cir. 2001); quoting *S. Pacific Co., v. Bogert*, 250 U.S. 483, 500 (1919).  To demonstrate laches, the defendant must prove both "an unreasonable delay by the plaintiff and prejudice to itself."  *Id.*, quoting *Couvear v. American Airlines, Inc.*, 218 F. 2d 1078, 1083 (9th Cir. 2000).

Defendants here have met neither of these requirements.  The time between plaintiff's discovery of the infringement and the filing of this suit is not unreasonable in light of plaintiff's assertion that during that time it was pursuing a remedy for the infringement directly from Mr. Cline, pursuant to the agreement made when Crane authorized the engineering spec sheets for the Cobblestone development homes.  As to prejudice, defendant has alleged none.  Plaintiff's action is therefore not barred by laches.

Summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial by "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotrex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  If the moving party satisfies this burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial. F.R.Civ. P. 56(e).  However, no defense to an insufficient showing is required.  *Neely v. St. Paul Fire and Marine Insurance Co.,* 584 F.2d 341, 344 (9th Cir. 1978).

A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 7

return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). If the evidence is merely colorable or is not significantly probative, summary judgment may not be granted. Id. at 249-50. It is not the court's function at the summary judgment stage to determine credibility or to decide the truth of the matter. *Id*. Rather, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.*

Defendants have moved for summary judgment on the copyright infringement claim on the basis of their assertion that it is barred by the three-year statute of limitations. However, they have pointed to no actual evidence in the record which would demonstrate when the copyrighted plans were actually copied by Mr. Cline. Defendants contend that it is plaintiff's burden to produce proof in support of the copyright claim. However, on summary judgment, it is defendants' burden to point to the specific evidence that demonstrates that they are entitled to judgment as a matter of law. *See*, *Rosner v. Codata Corp.*, 917 F. Supp. 1009 (S.D.N.Y. 1996). Defendants have not established the actual dates on which the copyright infringement took place. Plaintiff, on the other hand, has presented evidence to create a genuine issue of material fact as to the date of its knowledge of the infringement, and the consequent accrual of the cause of action. Accordingly, defendants' motion for summary judgment on the copyright claim is DENIED.

III. Motion for Leave to Amend.

On February 17, after defendant's motion for summary judgment was ripe, plaintiff filed a motion for leave to amend the complaint to state a claim directly against Craig Thompson, who is already named by Cline as a third-party defendant. The amended complaint asserts the same two causes of action as the original—copyright infringement and Consumer Protection Act claims. The claims against Mr. Thompson are asserted in ¶ 15 of the "revised" amended complaint[1]. This paragraph asserts that "without license or authority from Crane Design, Third-Party Defendants copied and illegally provided Crane Design's Copyright Works to Defendants. . . .Third-Party defendant knew or had reason to know

---

[1] Plaintiff submitted a "revised" amended complaint along with the reply on this motion. Defendant has not had an opportunity to state arguments against the revised amended complaint, and should be allowed to do so at the motion hearing.

ORDER ON MOTION FOR SUMMARY JUDGMENT- 8

that Defendants were committing copyright infringement. . . . Additionally, without license or authority from Crane Design, Third-Party Defendants illegally provided at least two of Crane Design's Copyright Works to a third general contractor, who also built a home in the Summer Place development, utilizing Cranes Copyright Works. . . ." Dkt. # 52-2.

F.R.Civ. Proc. 15(a) states that leave to amend should be "freely" given, but only when justice so requires. Here it does not. First of all, plaintiff's amended complaint is incompatible with its theory of the case, which is that Mr. Thompson's company (PAR) was authorized by Crane to make unlimited use of the plans. Further, plaintiff assured Mr. Thompson that he would not be sued over this matter; that assurance was given in exchange for his statement regarding Mr. Cline and the June, 2001 meeting with Crane. Finally, there is no newly-discovered basis for this amendment; apart from the fact that one home in Summer Place was built by a different contractor, plaintiff has known all the facts asserted in the amended complaint since the time this suit was filed. Plaintiff's motion for leave to file an amended complaint is accordingly DENIED.

The parties have a deadline of April 28, 2006 for Rule 39.1 mediation, and shall advise the Court promptly when that mediation has been completed.

DATED this 17th day of March, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 9